# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA § | | |
| § | | |
| v. § | | 1:08-CR-369-SS |
| § | | |
| JOSE RAFAEL GUERRA, § | | |
| Defendant § | | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE SAM SPARKS**
**UNITED STATES DISTRICT JUDGE**

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

Before the Court is the petition of the United States Probation Office ("Probation Office") recommending the Court revoke Defendant's term of supervised release.

## PROCEDURAL BACKGROUND

Defendant was found guilty of possession of a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g). On February 13, 2009, Defendant was sentenced to 120 months imprisonment, to be served consecutively to the re-sentence imposed in Case No. 1:08-CR-155, for a total of 144 months' imprisonment, followed by three years of supervised release. Defendant's supervision began on July 19, 2019.

On December 27, 2019, the Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision. The Probation Office alleged that Defendant violated conditions of release and sought a show-cause hearing as to why Defendant's supervised release should not be

1

revoked. Thereafter, the undersigned authorized the issuance of a warrant. On December 30, 2019, Defendant was arrested, and he has remained in the custody of the United States Marshals Service since the date of his arrest.

The Petition alleges that Defendant violated the following condition of release:

> **Violation of Mandatory Condition No. 1:** "The defendant shall not commit another federal, state or local crime."

On January 10, 2019, the undersigned conducted a hearing on this matter Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), at which Defendant, his attorney, and an attorney for the United States Government appeared. On the same date, Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Before the hearing, Defendant waived his right to a preliminary hearing. Defendant pled "no contest" to the charges against him.

## FINDINGS OF THE COURT

1. Defendant violated a condition of his supervised release by violent conduct against his girlfriend, Monica Sanchez.

2. Defendant received a copy of the petition naming him, read and understood the petition and the charges alleged against him, and had the opportunity to discuss the petition and charges with his attorney.

3. Defendant waived his right to a preliminary hearing.

4. Defendant voluntarily gave consent to allocute before a United States Magistrate Judge.

5. Defendant had both a factual and rational understanding of the proceedings against him.

6. Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

7. Defendant was sane and mentally competent at the time of these proceedings.

8. Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

9. Defendant understood all of his statutory and constitutional rights and desired to waive those rights.

10. Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

11. The Government, without objection from Defendant, gave a summary of the evidence against Defendant.

12. Defendant freely, intelligently, and voluntarily pled no contest to the charge in the Petition.

13. The Court finds Defendant violated a condition of his term of supervised release and that there is a factual basis in support of that finding.

## FACTORS CONSIDERED

The Court has considered the factors set out in Title 18, United States Code § 3583(e), which makes reference to most of the factors set out in Title 18, United States Code § 3553(a), specifically:[1]

    a. the nature and circumstances of the offense, § 3553 (a)(1);
    b. the history and characteristics of Defendant, (a)(1);
    c. the need to afford adequate deterrence to criminal conduct, (a)(2)(B);
    d. the need to protect the public, (a)(2)(C);
    e. the need to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, (a)(2)(D);

---

[1] The factors in § 3553(a)(2)(A), namely, the seriousness of offense, respect for the law, and just punishment, were not considered by the Court.

f.     the kinds of sentence and the sentencing range recommended by the U.S. Sentencing Guidelines, policy statements and corresponding analysis, (a)(4) and (a)(5);
g.     the need to avoid unwarranted sentence disparities among defendants with similar records who have been found responsible for similar conduct, (a)(6); and
h.     the need to provide restitution to any victims of the offense, (a)(7).

## RECOMMENDATIONS

The Magistrate Court has carefully considered all of the arguments of counsel and the evidence presented by the parties, and has taken judicial notice of the original pre-sentence report, as well as the Petition, the Adjustment Summary, and the Violation Conduct Computation prepared by the Probation Office. The undersigned also has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. Defendant's violation is a Grade B and his criminal history category if V, resulting in an (advisory) guideline range of 18 to 24 months of imprisonment.

In light of the factors set forth above, the Magistrate Court concludes that Defendant should be given one final opportunity to comply with the conditions of his release. The Court warns Defendant that he must comply with all Conditions of Release and every directive of his Probation Officer.

The undersigned recommends that Defendant's term of supervised release be **CONTINUED subject to the following MODIFICATIONS**. While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall comply with the mandatory and standard conditions imposed at his original sentencing hearing and the special conditions adopted by this Court on June 24, 2019. In addition, the Magistrate Court recommends that the following special conditions be added to Defendant's existing Conditions of Release:

4

1. **The defendant shall participate in the Location Monitoring Program for a period of 90 days, which will include remote location monitoring using Active Global Positioning Satellite (GPS) tracking.** Defendant shall abide by the rules and regulations of the Participant Agreement Form. During this time, Defendant shall remain at his place of residence except for employment and other activities approved in advance by his Probation Officer. He shall maintain a telephone at his place of residence without "caller ID," "call forwarding," "call waiting," "call back/call block," a modem, or a portable cordless telephone for the above period as directed by the Probation Officer. At the direction of the Probation Officer, Defendant shall wear a transmitter and be required to carry a tracking device. Defendant shall pay all or part of the costs of the program based on the ability to pay as directed by the Probation Officer.

2. **Defendant shall submit his person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release.** Defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that Defendant has violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search shall be conducted at a reasonable time and in a reasonable manner.

3. **Defendant shall have no contact with Monica Sanchez.**

## WARNINGS

In writing following the Court stating on the record its recommendation in this case, the parties waived the ten-day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Servs.' Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act on it.

**SIGNED** on January 10, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE